**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>CHARLES D. AUSTIN<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>TELEPHONE (410) 962-7810<br>MDD_CDAChambers@mdd.uscourts.gov |

May 21, 2025

LETTER TO ALL COUNSEL OF RECORD

RE:   *Devera N. v. Commissioner of Social Security Administration*
       Civil No.: 23-0642-CDA

Dear Counsel:

Pursuant to the Equal Access to Justice Act ("EAJA"), Plaintiff, through Counsel, Jason McCaul, filed a motion seeking payment of $4,164.20 in attorney's fees, based on 15.4 hours of attorney time at $243.13 per hour, and 4.2 hours of paralegal time at $100.00 per hour. ECF No. 18, at 1; ECF No. 18-1, at 2. The Commissioner opposes Plaintiff's motion and suggests that the fees be reduced to $2,632.48. ECF No. 20, at 1. Plaintiff filed a reply and requested "an additional 3.1 hours at $243.13 per hour" for preparing the reply, which brings the total fee requested to $4917.9. ECF No. 21, at 4. The undersigned has considered the relevant filings and finds that no hearing is necessary. *See* Loc. R. 105. (D. Md. 2021). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART, and Plaintiff will be awarded $2,921.68. in fees.

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the Court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Crawford*, 935 F.2d at 656 (citing 28 U.S.C. § 2412).

Once it "determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id*. at 434 (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Furthermore, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the ultimate duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

*Devera N. v. Commissioner of Social Security Administration*
Civil No.: 23-0642-CDA
May 21, 2025
Page 2

    The Supreme Court explains that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. A district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*. at 434. Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Id*. Other relevant factors include (1) the novelty and complexity of the issues presented, (2) the length of the administrative record, (3) the experience and skill of the attorney, and (4) the typical range of compensated hours in Social Security cases. *See Roth v. Comm'r, Soc. Sec.*, No. SAG-14-62, 2015 WL 567168, at *2-3 (D. Md. Feb. 10, 2015). Billing hours deemed reasonable by courts in Social Security appeals often fall the range of twenty to forty hours. *See Duane H. v. Comm'r*, No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022).

    The Commissioner does not dispute that Plaintiff qualifies for attorney's fees under the EAJA, nor does the Commissioner challenge the hourly rate proposed.[1] ECF No. 20, at 1. Instead, the Commissioner challenges the time Plaintiff's counsel spent on reviewing of the certified administrative record (also known as CAR or transcript). *Id*. at 5. The record of this case is 1,247 pages long, and about 900 pages are medical records. ECF No. 9. Plaintiff's counsel requests compensation for 11.3 hours for reviewing the transcript. ECF No. 18-3, at 2. The Commissioner highlights that Plaintiff's six-page opening brief only raised one procedural issue—that the ALJ committed reversible error by failing to attach a prior ALJ decision to the record.[2] ECF No. 20, at 3-4. This argument, according to the Commissioner, "did not require significant analysis of legal issues, and it did not require any review of the medical records." *Id*. at 4. And "no more than five hours is reasonable for the cursory review necessary to confirm that the prior ALJ decision was not included in the administrative record." *Id*. at 5.

    Plaintiff's counsel contends that the Commissioner's argument was made with the benefit of hindsight, and it is necessary to review the entire record to ensure (1) "the missing ALJ decision was not placed in another section of the record" and (2) "there are no other issues that need to be raised." ECF No. 21, at 2. Citing studies of reading speed for adults, Plaintiff's counsel also argues that 11.5 hours of record review is not unreasonable. *Id*. at 3. However, the Social Security Administrative Record is routinely produced electronically in Social Security appeal cases, and the electronic files filed in each case are normally organized, indexed, and labelled following a standard format. For example, the exhibit numbers for medical records usually begin with 1F, 2F, etc.[3] Moreover, each set of records begins with a coversheet which includes a list of exhibits, and each exhibit has a number, a description (which also serves as a hyperlink to that exhibit), page range, and number of pages. *See*, *e.g*., ECF No. 9-8, at 1. Many administrative documents produced by the SSA follow a specific format, as do ALJ opinions, which normally include a five-step sequential evaluation process for determining whether an individual is disabled. Most, if not all, of the files are searchable. Therefore, a legal professional ordinarily skilled in Social Security appeals can

---

[1] The parties do not seem to dispute (1) that none of the issues presented in this case is particularly novel or complex; and (2) that the billing attorneys are skilled and experienced in in Social Security appeals. ECF No. 18-1, at 2; ECF No. 20, at 3, 5; ECF No. 21, at 1.

[2] The Commissioner then filed a consent motion to remand, which was granted on November 6, 2023. ECF Nos. 14 & 15.

[3] In this case, the exhibit numbers for medical records begin with C1F, C2F, etc. ECF No. 9-8, at 1.

locate pertinent files or information without thoroughly reviewing every page of the entire record. *Martin v. Kijakazi*, 689 F. Supp. 3d 218, 230 (E.D. Va. 2023) (granting a reduction "reflecting one minute of compensation per four pages of the record" and noting that "[n]ot every page of the record requires a thorough review by counsel, and many require no more than a cursory glance."). A reduction of attorney hours related to record review therefore is warranted, and the undersigned will reduce Plaintiff's request by 5.0 hours.

The undersigned notes that 1.5 paralegal time was billed for processing files from referral source, preparing contract and other related documents, and reviewing for completion. ECF No. 18-5, at 2. These items are not-compensable because "the government need not pay for administrative matters related to the attorney-client relationship." *Martin v. Kijakazi*, 689 F. Supp. 3d at 227–28 (citing *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 973 (D.C. Cir. 2004) (finding drafting a firm engagement letter to be non-compensable)). Also, time spent to "combine, strip PDF/A, OCR and live bookmark federal court transcript" is non-compensable. *See, e.g.*, *Eric S. v. Comissioner, Soc. Sec. Admin.*, No. 1:21-CV-000126-LTW, 2023 WL 11909783, at *3 (N.D. Ga. Sept. 14, 2023). Thus, the 1.2 hours a paralegal expended to "[c]ombine, OCR & live bookmark Federal Court transcript (1234 pages)" is non-compensable. ECF No. 18-5, at 2. Therefore, Plaintiff's request will be reduced by 2.7 hours of paralegal time.

With respect to the time billed for the reply, the Plaintiff will be awarded 1.0 attorney hour. *See, e.g.*, *April. J. v. Kijakazi*, No. CV 21-1584-BAH, 2022 WL 4017381, at *4 (D. Md. Sept. 2, 2022) (awarding one hour for time spent responding to the Commissioner's opposition concerning Plaintiff's EAJA fee motion).

With the above-noted reductions of attorney time, the result is a final award of $2,921.68 in total:

- 11.4 hours of attorney time ($243.13 /hour):  $2,771.68
- 1.5 hours of paralegal time ($100.00/hour): $150.00

The reduced award falls within the range of recent EAJA fee awards in cases with a similar procedural posture. *See Iris C. v. Kijakazi*, No. BAH-21-3183, 2023 WL 5629644, at *1 (D. Md. Aug. 31, 2023) (mentioning an award of $4,904.82 under EAJA); *Ellen C. v. Kijakazi*, No. SAG-22-1698, 2023 WL 4490457, at *1 (D. Md. July 12, 2023) (awarding $5,824.78); *Shecona W. v. Kijakazi*, No. 21-819-SAG, 2023 WL 195471, at *3 (D. Md. Jan. 17, 2023) (quoting *Duane H. v. Comm'r*, No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022)) (awarding $4,941.85); *see also Catisha W.*, 2022 WL 16839564, at *3 (awarding $4,500.47 on November 9, 2022); *Duane H.*, 2022 WL 2532425, at *2 (awarding $4,836.00 on July 7, 2022); *Sheree Yvette T. v. Comm'r, Soc. Sec. Admin.*, No. BAH-20-2374 (D. Md. June 6, 2022) (awarding $4,538.22); *Yuvetta P. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-368 (D. Md. May 16, 2022) (awarding $2,136.03); *Gregory J. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-236 (D. Md. May 18, 2022) (awarding $2,246.14); *Tracy B. v. Comm'r, Soc. Sec. Admin.*, No. BAH-22-183 (D. Md. June 1, 2022) (awarding $1,500.00); *Margaret C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-859 (D. Md. June 1, 2022) (awarding $4,700.00); *Taneicia L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2347 (D. Md. June 23, 2022) (awarding $4,093.70); *Wendy O. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-

*Devera N. v. Commissioner of Social Security Administration*
Civil No.: 23-0642-CDA
May 21, 2025
Page 4

1614 (D. Md. June 23, 2022) (awarding $4,526.92); *Ashley F. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-872 (D. Md. June 27, 2022) (awarding $2,718.68); *Darrell L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-744 (D. Md. June 27, 2022) (awarding $2,168.16); *Michael T. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2050 (D. Md. June 22, 2022) (awarding $4,325.65); *Christy Y. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2330 (D. Md. June 23, 2022) (awarding $4,242.32); *Melissa Ann B. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-929 (D. Md. June 22, 2022) (awarding $4,460.20). There being no argument or suggestion that the issues in this case are novel and/or complex—the parties appear to agree that this appeal involved no substantive legal arguments—the Court finds no reason the EAJA fee here should approach or exceed the higher end of this range.

For these reasons, Plaintiff's Motion for Attorney's Fees will be GRANTED IN PART and DENIED IN PART and Plaintiff will be awarded $2,921.68 in fees. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge